754 P.2d 393 (1987)
In re the Matter of Dominic J. GARGANO and Stephen S. Reffel, Complainants-Appellees.
COLORADO CIVIL RIGHTS COMMISSION, a Colorado State Agency, Appellee,
v.
NORTH WASHINGTON FIRE PROTECTION DISTRICT, Respondent-Appellant.
No. 85CA1539.
Colorado Court of Appeals, Div. II.
September 3, 1987.
Rehearing Denied October 29, 1987.
Certiorari Granted May 9, 1988.
*394 Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for complainants-appellees.
Berger and Rothstein, P.C., David Berger, Lincoln W. Anderson, Nathan Berger, Commerce City, for respondent-appellant.
Certiorari Granted (Commission) May 9, 1988.
STERNBERG, Judge.
The respondent, the North Washington Fire Protection District (District), appeals an order of the Colorado Civil Rights Commission (Commission) ruling in favor of Stephen S. Reffel and Dominic J. Gargano, who complained to the Commission that the District's refusal to hire them because of a handicap violated § 24-34-402(1)(a), C.R.S. (1982 Repl.Vol. 10). We reverse.
Complainants Gargano and Reffel sought employment as entry level firefighters for the District. Both passed an initial physical agility test, and thereby became qualified to take oral and written exams, which both also passed. They were then placed on an eligibility roster compiled by the District's Civil Service Commission.
All ten applicants on the eligibility roster were directed to take a physical examination to be conducted by the District's physician. The physician examined each applicant, and reported his findings to the District's Board of Directors.
The District found the complainants ineligible for a firefighter position because of medical reasons; accordingly, it removed their names from the eligibility list on May 8, 1981, and appointed other applicants on the roster to fill the two positions that were open. Had their names not been removed from the list, they could have been appointed.
The physical condition upon which the District based its removal of Gargano from the eligibility roster was reduced visual acuity: he had to wear eyeglasses or contact lenses for accurate vision. Reffel was disqualified because his right knee had had two surgeries performed on it as a result of a dislocation incurred while playing basketball. Although Reffel had no current trouble with his knee, after reviewing reports from several physicians who had examined Reffel, the District concluded that the condition of Reffel's knee disqualified him for the position of firefighter.
Gargano and Reffel filed complaints of alleged discrimination with the Commission, which investigated and determined that there was probable cause for finding a violation. The formal complaint filed by the Commission accused the District of:
1) Refusing to hire Gargano and Reffel, who were otherwise qualified to be firefighters, because of a handicap which did not actually disqualify them from the job and which did not actually have a significant impact on the job in violation of § 24-34-402(1)(a), C.R.S.; and
2) Having a policy or practice of enforcing physical requirements for job positions which precludes individual consideration of job applicants in violation of § 24-34-402(1)(a).
At the request of all counsel, a hearing officer decided the case on cross-motions for summary disposition with all pleadings, depositions, and exhibits previously filed and taken to serve as evidentiary support for the cross-motions. The hearing officer held that the stipulated facts supported a prima facie case of discrimination because of the disparity in physical qualification standards used for applicants for entry level firefighter positions, as compared with standards used for current firefighters.
The hearing officer thus granted the complainants' motion for summary disposition, except as to the limited issue whether removal of Gargano and Reffel from an eligibility roster was based on business necessity or other job-related justification. The hearing officer also found that a genuine issue of fact existed whether the District had applied medical disqualifying criteria in an automatic manner, precluding individual consideration.
On review of the hearing officer's order, the Commission determined that there was no genuine issue of material fact with regard to failure to give individual consideration *395 or the business necessity defense, and granted the complainants' motion for summary disposition in its entirety. It found that failure to pass the physical examination resulted in automatic removal of the applicant from the eligibility list under the District's Civil Service Regulations, and the business necessity defense was without merit, since the evidence indicated that current firefighters are not held to the same medical-physical standards required of new applicants and the disqualifying criteria had not been objectively validated in any manner.
Thereafter, the Commission ordered the District to hire the complainants to its next two available entry-level firefighter positions, and to pay them the value of all backpay and fringe benefits to which they would have been entitled, plus interest, had they been hired in June 1981, offset by amounts earned in the interim, stipulated to be $68,556.51 for Reffel and $1,923.07 for Gargano.
Section 24-34-402(1)(a), C.R.S. (1982 Repl.Vol. 10) prohibits employers from refusing to hire any otherwise qualified person because of handicap, unless the employer can show that there is no reasonable accommodation that can be made with regard to the handicap, the handicap actually disqualifies the person from the job, and the handicap has a significant impact on the job. See Colorado Civil Rights Commission v. ConAgra Flour Milling Co., 736 P.2d 842 (Colo.App.1987). The initial burden of proof is upon the complainant, who must present a prima facie case showing both that he is "handicapped" and that he is "otherwise qualified" for the job in question so as to bring the refusal to hire within the statutory and regulatory scope of protection. Once this burden is met, the employer must show that the complainant's handicap has a significant impact on the job and cannot reasonably be accommodated.
"Handicap" is defined in § 24-34-301(4), C.R.S. (1982 Repl. Vol. 10) as "a physical impairment which substantially limits one or more of a person's major life activities and includes ... being regarded as having such an impairment." "Major life activities" are defined in the Commission's regulations as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, touching, learning and working." 3 Code Colo.Reg. 708-1. (emphasis added). Complainants do not contend that they actually have a physical impairment that limits a major life activity but nevertheless assert that they are handicapped and within the scope of protection of the statute because they are "being regarded as having such an impairment" by the District. Under the regulations, the meaning of this phrase includes "ha[ving] a physical impairment which substantially limits major life activities [e.g., working] only as a result of the attitude of others towards such an impairment."
We disagree with the rulings of the hearing officer and Commission because we conclude that the complainants failed to establish that they are "handicapped" within the meaning of § 24-34-402(1)(a). The record discloses that the District did not regard complainants as "substantially" limited in any "major life activity," but rather as limited only with regard to specific job-related functions and risks of fighting fires. Thus, the District did not regard the complainants as handicapped, and it has no affirmative burden of proving that the medical disqualifiers used in hiring applicants have a significant impact on the job, actually disqualify the applicants, and cannot reasonably be accommodated.
By its use of the terms "substantial limitation" and "major life activity," we do not believe the General Assembly intended to include persons in complainants' situation within the scope of protection provided by the statute. Neither Gargano nor Reffel alleged that their particular physical impairments limited them in any way other than in obtaining employment as a firefighter.
Our recent opinion in Civil Rights Commission v. ConAgra Flour Milling Co., supra, was based on facts distinguishable from those at issue here. First, the complainant there alleged that he had a handicap, *396 not that he was regarded as having one. Second, his eye condition was far more serious than Gargano's; the complainant there suffered a condition from birth which left one eye all but sightless. Such a condition constitutes a substantial impairment to seeing, a major life activity, whereas reduced but correctable visual acuity, in our view, does not per se substantially impair seeing or working.
In regard to the more lenient standards applied to already employed firefighters, in our view, it is not unreasonable for the General Assembly to allow, in the interest of public safety, districts to upgrade their forces by imposing higher physical standards for new employees, without terminating all currently employed persons who do not meet the new standards. See Padilla v. City of Topeka, 238 Kan. 218, 708 P.2d 543 (1985). The observations of the Padilla court concerning police officers are equally applicable here. It said:
"Obviously, visual acuity of its police officers is a reasonable concern. . . . Police officers are not able to call a `time out' in emergencies while they look for their glasses or lost contact lenses.

. . . .
"It would be poor public policy to hold that a police department cannot upgrade its officers by imposing standards without terminating all existing officers who could not meet the new standards. Vision seldom improves with age. Time and natural attrition should ultimately reduce the number of myopic officers on the force. . . ."
Compare Jasany v. United States Postal Service, 755 F.2d 1244 (6th Cir.1985) with E.E. Black, Ltd. v. Marshall, 497 F.Supp. 1088 (D.Hawaii 1980).
Our holding the complainants failed to show that they are "handicapped" obviates the need to address the question whether the District failed to give individual consideration to Gargano's and Reffel's application.
We hold that the Commission's conclusions and remedies constituted an abuse of discretion. Therefore, its order is reversed, and the cause is remanded with directions to dismiss the complaints.
SMITH and METZGER, JJ., concur.